IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiff*,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the U.S. Department of the Interior, *et al.*,<br><br>*Defendants*. | Case No. 1:22-cv-03588-DLF |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR RELIEF FROM THE REQUIREMENTS OF LOCAL CIVIL RULE 7(n) AND MEMORANDUM IN SUPPORT**

On February 24, 2023, Federal Defendants filed a Motion to Dismiss Plaintiff's Complaint in this case. ECF 14. Federal Defendants hereby seek relief from the requirement under Local Civil Rule 7(n) to file a certified list of the contents of the administrative record simultaneously with the filing of any dispositive motion. In accordance with Local Civil Rule 7(m), counsel for Federal Defendants conferred with counsel for Plaintiff, who indicated that Plaintiff does not oppose the motion.

In support of this motion, Federal Defendants state the following:

1.  Local Civil Rule 7(n) requires that:

[i]n cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

1

The Rule appears on its face to require the agency to file a certified list of the contents of the administrative record with the Court simultaneously with the filing of *any* dispositive motion, including a motion under Federal Rule of Civil Procedure 12(b).

2. This case involves allegations that Federal Defendants violated the Endangered Species Act ("ESA") and the Administrative Procedure Act ("APA") in failing to issue a nationwide recovery plan and conduct a five-year status review for gray wolves. ECF 1 ¶¶ 36–44. Judicial review of the merits of Plaintiff's claims would require preparation of an administrative record. *See* 5 U.S.C. § 706 (a reviewing court "shall review the whole record or those parts of it cited by a party . . . .").

3. The Court will not require the administrative record to decide Federal Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b). In their motion, Federal Defendants argue that the Court lacks jurisdiction to consider Plaintiff's claims and that Plaintiff fails to state a claim upon which relief can be granted.

The Court must determine that it has jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.") (citation omitted); *see also Al-Zahrani v. Rodriguez*, 669 F.3d 315, 318 (D.C. Cir. 2012) ("Because a federal court without jurisdiction cannot perform a law-declaring function in a controversy, 'the Supreme Court [has] held that Article III jurisdiction is always an antecedent question to be answered prior to any merits inquiry.'") (quoting *Pub. Citizen v. U.S. Dist. Ct. for D.C.*, 486 F.3d 1342, 1346 (D.C. Cir. 2007)). "Unlike the Rule 12(b)(6) context, a court may consider documents outside the pleadings to evaluate whether it has jurisdiction" when ruling on a Rule 12(b)(1) motion. *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 86 (D.D.C. 2018) (Friedrich, J.) (citing *Jerome Stevens Pharm., Inc. v. FDA*, 402

F.3d 1249, 1253 (D.C. Cir. 2005)). While courts *may* look to certain documents outside the pleadings to resolve jurisdictional questions, "[c]ourts are not required to consider the administrative record pertaining to a challenged action when deciding whether it has subject matter jurisdiction." *See Fund for Animals v. Williams*, 391 F. Supp. 2d 132, 135 n.3 (D.D.C. 2005) (citation omitted).

Similarly, in reviewing a motion for failure to state a claim upon which relief can be granted, a court need only consider "the facts alleged in the complaint, any documents either attached to or incorporated [by reference] in the complaint and matters of which [the court] may take judicial notice." *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)). The D.C. Circuit has held that courts do not need to review the administrative record to resolve whether a plaintiff has failed to state a claim under the APA. *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001) (affirming the district court's dismissal of plaintiff's claims and rejecting appellant's argument that the district court erred in refusing to compel production of the administrative record before deciding the motion to dismiss); *Carroll v. Off. of Fed. Cont. Compliance Programs*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (granting motion to dismiss and finding the lack of a certified list of contents of the administrative record "immaterial" to the Court's resolution of the motion to dismiss for failure to state a claim) (citation omitted).

Thus, in deciding the Defendants' motion, the Court may consider certain materials outside the pleadings, but it is not required to review the administrative record or resolve the merits of the action.

4.  The stated purpose of Local Civil Rule 7(n) is "to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court

with copies of relevant portions of the record relied upon in any dispositive motion." LCvR 7(n) (comment). This suggests that the Rule is intended to apply only to those dispositive motions that are based on the agency's administrative record, such as motions for summary judgment.

5. Federal Defendants' pending Motion to Dismiss raises purely legal questions that do not depend on an administrative record. Federal Defendants base their Motion to Dismiss on Plaintiff's Complaint, the documents cited or incorporated by reference in the Complaint, and matters of which the Court may take judicial notice. Since no additional agency documents are relevant to the issues raised in Federal Defendants' Motion to Dismiss, the Court will not require the agency's record or a certified list of its contents to resolve the motion.

7. Granting Federal Defendants' motion for relief from the requirements of Local Civil Rule 7(n) would conserve limited agency resources. The administrative record will take significant time to fully compile and produce, and it will not be necessary for the Court's review unless and until the Court denies Federal Defendants' Motion to Dismiss and the case proceeds to resolution on the merits. For this reason, courts in this district routinely grant government requests to defer filing of a certified list of the contents of the administrative record, including when resolving Federal Rule of Civil Procedure 12(b) motions to dismiss APA Section 706(1) "failure to act" claims. *See, e.g.*, *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (Contreras, J.) (motion at ECF 49 in Case No. 17-cv-2564); *Ctr. for Biological Diversity v. Zinke*, 260 F. Supp. 3d 11 (D.D.C. 2017) (Brown Jackson, J.) (motion at ECF 12 in Case No. 16-cv-0738, granted by minute order entry); *Anglers Conservation Network v. Pritzker*, 70 F. Supp. 3d 427 (D.D.C. 2014) (Kessler, J.), *aff'd*, 809 F.3d 664 (D.C. Cir. 2016) (motion at ECF 13 in Case No. 13-cv-1761, granted by Order at ECF 22).

8.  If the Court denies Federal Defendants' Motion to Dismiss in whole or in part, Federal Defendants expect the parties to file cross-motions for summary judgment, which will be reviewed based on the applicable administrative record. In that event, Federal Defendants will confer with Plaintiff within 14 days after the Court's order and propose a schedule for litigating those motions including a filing deadline for a certified list of the contents of the administrative record.

For these reasons, Federal Defendants respectfully request that they be excused from the requirement to file a certified list of the contents of the administrative record simultaneously with a dispositive motion.

Dated: February 24, 2023                Respectfully submitted,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-5751
Fax:    (202) 305-0275
Email:  Astrid.Cevallos@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia using the CM/ECF system.

 /s/ *Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone:    (202) 305-5751
Fax:       (202) 305-0275
Email:     Astrid.Cevallos@usdoj.gov

*Counsel for Defendants*